IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-10-254 |
| GREGORY JEROME HORNE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Defendant Gregory Jerome Horne was sentenced to a period of 180 months' imprisonment to be followed by three years' supervised release after pleading guilty to Hobbs Act Conspiracy. (ECF No. 57.) Horne is now incarcerated at USP Coleman I and is scheduled to be released on April 9, 2023. (*See* ECF No. 107 at 2.) Horne submitted a *pro se* Motion for Compassionate Release (ECF No. 100) on October 6, 2020 and a Memorandum in Support of Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 107) with the assistance of appointed counsel on December 9, 2020. The Government opposes Horne's Motion. (ECF No. 111.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Horne's Motion (ECF No. 100) will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* On October 28, 2020, the warden of Horne's institution denied his request for compassionate release. (ECF No. 107 at 2.) As of this writing, more than 30 days have lapsed since the warden received Horne's request, and as such, Horne has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Therefore, the Court must determine: (1) whether Horne has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original)

(quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Horne has failed to establish extraordinary and compelling reasons for compassionate release. Although Horne argues that he suffers from sickle cell *disease*, which heightens his risk for severe illness from COVID-19 (ECF No. 107 at 8), the medical records that Horne submitted to support his motion indicate that he has sickle cell *trait* (*see* ECF Nos. 107-1 at 64, 65, 66, 68, 69, 70, 71, 72, 83; 107-2 at 9, 28, 29, 37, 42). The Centers for Disease Control ("CDC") have found that sickle cell *disease*—not sickle cell *trait*—increases a person's risk for a serious case of COVID-19. *See* People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Feb. 9, 2021). Accordingly, Horne does not establish extraordinary and compelling reasons for his compassionate release.

Further, even if the Court were to reach the second prong of the § 3582(c)(1)(A) analysis, consideration of 18 U.S.C. § 3553(a) factors weighs against Horne's release. In imposing a sentence, § 3553(a) directs courts to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence

imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C). Horne pled guilty to conspiring to rob fifteen liquor stores and personally participating in at least two robberies during which he brandished a firearm. (*See* Plea Agreement at 6, ECF No. 55.) Horne's offense is undoubtedly serious, and the Court finds that his sentence of 180 months' incarceration was appropriate when it was imposed and remains so.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Horne's legitimate concerns about his health and living situation. Horne's sickle cell trait, however, does not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief, and Horne's motion fails to establish the presence of other factors supporting compassionate release at this time. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Horne's Motion for Compassionate Release (ECF No. 100) is accordingly DENIED.

DATED this _10_ day of February, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge

4